1  COLT / WALLERSTEIN LLP
     Doug Colt (Bar No. 210915)
2    dcolt@coltwallerstein.com
     Thomas E. Wallerstein (Bar No. 232086)
3    twallerstein@coltwallerstein.com
     Kimberly I. Culp Cloyd (Bar No. 238839)
4    kculp@coltwallerstein.com
   Shorebreeze II
5  255 Shoreline Drive, Suite 540
   Redwood Shores, California  94065
6  Telephone:    (650) 453-1980
   Facsimile:    (650) 453-1980
7

8  Attorneys for Reason Bradley

9

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

| 13 | REASON BRADLEY, an individual, | CASE NO. |
|---|---|---|
| 14 | Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION** |
| 15 | v. | |
| 16 | APPLIED MARINE SYSTEMS LLC, a Nevada limited liability company, | **DEMAND FOR JURY TRIAL** |
| 17 | | |
| 18 | Defendant. | |

**COMPLAINT**

Plaintiff Reason Bradley, for his Complaint against defendant Applied Marine Systems LLC ("AMS"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* for infringement by AMS of patent rights owned by plaintiff, and for unfair competition in violation of California Business and Professions Code § 17200 *et seq*.

2. Plaintiff is the owner of U.S. Patent No. 8,094,520 (the "'520 Patent").

3. AMS manufactures, markets and sells sonar mounts, including but not limited to the Uni-Mount and the Hydrographic Survey Sonar Mount ("Hydro-Mount"), for use by consumers in California and elsewhere in the United States, which infringes on the '520 Patent. AMS has engaged in willful patent infringement resulting from offers to sell and sales of these sonar mounts. AMS's conduct constitutes willful patent infringement and unfair competition that has caused and will continue to injure plaintiff unless enjoined by this Court.

**THE PARTIES**

4. Plaintiff is an inventor, patentee, United States citizen and resident of California.

5. On information and belief, AMS is, and at all times mentioned herein was, a Nevada limited liability company with its principal place of business at 46340 Veater Ranch Road, Coarsegold, California 93614 in Madera County.

**JURISDICTION AND VENUE**

6. This is an action for pecuniary and injunctive relief for patent infringement arising under the patent laws of the United States, Title 35, United States Code, and for unfair competition arising under the California Business and Professions Code § 17200 *et seq*.

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over AMS, consistent with the principles of due process, and venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b), because AMS conducts regular and systematic business in California, has purposefully availed itself of

1  conducting business in California, and/or the events giving rise to the claims alleged herein have a
2  substantial effect in California and a substantial part of such events occurred in this District. In this
3  regard, plaintiff is informed and believes, and on that basis alleges, that AMS has offered its products
4  for sale in this District, has transacted business in this District, has committed acts of infringement in
5  this District and/or has placed infringing products into the stream of commerce in this District or with
6  the expectation that such products will be purchased by residents of this District.

## INTRADISTRICT ASSIGNMENT

9. Assignment to any division of the Northern District is proper under Civil Local Rule 3-2(c) and the Assignment Plan of this Court because this is an Intellectual Property Action.

## THE PATENT IN SUIT

10. On January 10, 2012, '520 Patent titled "Sonar Mount" was duly issued by the U.S. Patent Trademark Office to plaintiff. Plaintiff has owned the '520 Patent throughout the period of AMS's infringing acts and still owns the '520 Patent. A copy of the '520 Patent is attached hereto as **Exhibit A**.

11. The '520 Patent relates generally to a sonar mount for use with a boat or ship, which allows repeatable, accurate and precise alignment of a sonar head to a boat.

12. AMS has infringed and is still infringing the '520 Patent by making, selling, offering to sell, and/or using within the United States, sonar mounts that embody the patented invention, and AMS will continue to do so unless enjoined by this Court.

13. AMS has been on notice of and has had knowledge of the '520 Patent.

## FIRST CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 8,094,520)**

14. Plaintiff incorporates and realleges paragraphs 1 through 13 of this Complaint.

15. Plaintiff is the inventor, patentee, and owner of the '520 Patent.

16. AMS has been or is directly infringing the '520 Patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products that are covered by at least claims 1 and 5 of the '520 Patent, including, by way of example and not limitation, the Uni-Mount and Hydro-Mount products.

17. AMS has profited through infringement of the '520 Patent. As a result of AMS's unlawful infringement of the '520 Patent, plaintiff has suffered and will continue to suffer damage. Plaintiff is entitled to recover from AMS the damages suffered by plaintiff as a result of AMS's unlawful acts, including lost profits but in no event less than a reasonable royalty.

18. On information and belief, AMS's infringement of the '520 Patent is willful and deliberate, entitling plaintiff to enhanced damages and reasonable attorney fees and costs.

19. On information and belief, AMS continues its unlawful infringing activity, and plaintiff continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activity unless AMS is enjoined by this Court.

20. This case is "exceptional" within the meaning of 35 U.S.C. § 285, and plaintiff is entitled to an award of attorneys' fees.

## SECOND CLAIM FOR RELIEF

**(Unfair Business Practices – California Business and Professions Code §17200, *et seq.*)**

21. Plaintiff incorporates and realleges paragraphs 1 through 20 of this Complaint.

22. The acts of AMS described in this Complaint constitute fraudulent and unlawful business practices as defined by California Business & Professions Code § 17200, *et seq*.

23. The manner in which AMS markets and offers its infringing products, especially when considering AMS's deceptive and misleading advertising practices, creates a false impression with regard to AMS's products *vis-à-vis* plaintiff's products and patented technology. Such false impression hinders fair competition in the commercial markets and has damaged and continues to damage plaintiff as well as consumers.

24. As a direct and proximate result of AMS's wrongful conduct, plaintiff has been injured in fact and has lost money and profits, and such harm will continue unless AMS's acts are enjoined by this Court. Plaintiff has no adequate remedy at law for AMS's continuing violation of plaintiff's rights.

25. Plaintiff is being irreparably harmed by AMS's unfair business practices and unfair competition. There is no adequate remedy at law, thereby justifying preliminary and injunctive relief under section 17203 of the California Business and Professions Code.

26. By reason of the foregoing, AMS has been improperly and unjustly enriched at the expense of plaintiff in an amount as yet unascertained, but in an amount to be proven at the time of trial, so that AMS can make appropriate restitution.

27. AMS should be required to restore to plaintiff any and all profits earned as a result of its unlawful and fraudulent actions, or to provide plaintiff with any other restitutionary relief as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief, as follows:

(a) For a judgment declaring that AMS has infringed the '520 Patent;

(b) For a judgment awarding plaintiff compensatory damages as a result of AMS's infringement of the '520 Patent, together with interest and costs, and in no event less than a reasonably royalty;

(c) For a judgment declaring that AMS's infringement of the '520 Patent has been willful and deliberate;

(d) For a judgment awarding plaintiff treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of AMS's willful and deliberate infringement of the '520 Patent;

(e) For a judgment declaring that this case is exceptional and awarding plaintiff his expenses, costs, and attorneys fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

(f) For a grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining AMS from further acts of infringement and enjoining any and all such other persons that are making, importing, offering for sale, selling, and using the infringing products as joint and/or contributory infringer; and

(g) For such other and further relief as the Court deems just and proper.

Date:  August 23, 2013                    COLT / WALLERSTEIN LLP

                                          By:_____
                                              Doug Colt
                                              Attorneys for Reason Bradley

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

Date:  August 23, 2013              COLT / WALLERSTEIN LLP

By: _____
    Doug Colt
    Attorneys for Reason Bradley