UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REASON BRADLEY,<br><br>   Plaintiff,<br><br>  v.<br><br>APPLIED MARINE SYSTEMS LLC,<br><br>   Defendant. | Case No. 13-cv-03941-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 35 |

  Plaintiff Reason Bradley ("Bradley") filed this action for patent infringement and unfair competition against Applied Marine Systems LLC ("Applied Marine"). Bradley alleges that Applied Marine's solar mounts, including the Uni-Mount and Hydrographic Survey Sonar Mount, infringe Bradley's 8,094,520 patent ("the '520 Patent"). Applied Marine filed counterclaims for declaratory relief of non-infringement, invalidity and unenforceability due to inequitable conduct. (Dkt. No. 30.) Now pending before the Court is Bradley's motion to dismiss the inequitable conduct claim and to strike the unclean hands affirmative defense on the ground that Applied Marine has not adequately alleged the requisite intent. After considering the papers submitted by the parties, the Court concludes that oral argument is unnecessary, *see* Civ. L. R. 7-1(b), and GRANTS the motion with leave to amend.

## APPLIED MARINE'S ALLEGATIONS

  The '520 Patent issued on January 10, 2012, and "generally relates to a sonar mount for use with a boat or ship, which allows repeatable, accurate and precise alignment of a sonar head to a boat." (Dkt. No. 1 at ¶¶ 10-11.)

  Applied Marine asserts that claims 1 and 5 of the '520 Patent are unenforceable due to inequitable conduct by "the inventor[] or his attorneys." (Dkt. No. 30 ¶¶ 16, 24.) It also asserts an

affirmative defense of unclean hands based on the same allegations. (Dkt. 30, First Affirmative Defense.) In particular, it contends that Bradley or his attorneys knowingly and intentionally failed to disclose to the PTO material prior art while applying for the '520 Patent. (*Id.* ¶ 26.) This material prior art is a video posted to YouTube (the "Video") showing a sonar mount that includes a mechanism for preventing and allowing the cross beam to rotate. (*Id.* ¶ 24.)

The Video was posted on September 9, 2009, nine days before Bradley filed provisional application Ser. No. 61/243/750 (the "Provisional Application") on September 18, 2009. (Dkt. No. 30 ¶¶ 19, 24.) The Video shows the cross beam rotate without any movement or actuation of the pawl; rather, the pawl remains in the same position throughout the Video. (*Id.*) According to Applied Marine, the sole mechanism disclosed in the Provisional Application relating to the cross beam rotation is a releasable mechanism that uses a lever arm and a "breakaway actuated pawl" that is designed to disengage the pawl from notches to permit free rotation of the cross tube if sufficient force is applied to the cross tube or if the lever is used. (*Id.* ¶ 20.) Although the Video shows the cross beam rotate—without a breakaway pawl—Bradley did not disclose the invention shown in the Video in the Provisional Application. (*Id.* ¶ 22.) Thus, the claims are not entitled to the priority date of the Provisional Application; rather, the applicable filing date of the '520 Patent is September 17, 2010. (*Id.* ¶ 23.) Since the Video "shows the claimed invention in public use more than 1 year prior to the filing [date]," the Video is prior art material to the patentability of the '520 Patent that should have, but was not, disclosed to the PTO. (*Id.* ¶ 25.)

Applied Marine also alleges that Bradley was involved in the creation of the Video and knew, or should have known, that the mechanism shown in the Video was not the breakaway actuated pawl mechanism described in the Provisional Application. (*Id.* ¶ 26.) It alleges: "the inventor or his attorneys withheld this video from the Patent Office with the intent to deceive the Patent Office." (*Id.*)

**LEGAL STANDARD**

I. **Motion to Dismiss for Failure to State a Claim**

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but

mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

**II.    Motion to Strike**

Pursuant to Federal Rule of Civil Procedure 12(f) a court may strike an affirmative defense from a pleading if it presents "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature

of the defense. A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2013). "If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party." *Id.*

### III.   Pleading Inequitable Conduct

"Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the [PTO], which includes a duty to disclose to the [PTO] all information known to that individual to be material to patentability." 37 C.F.R. §1.56(a). A breach of the duty of candor may lead to a finding of inequitable conduct rendering the entire patent unenforceable. *See Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1288 (Fed. Cir. 2011).

An inequitable conduct counterclaim must be pled with particularity under Rule 9(b). *See Exergen Corp. v. Wal–Mart Stores, Inc.,* 575 F.3d 1312, 1326 (Fed. Cir. 2009). That is, it must set forth the particularized factual bases for the allegations, and "must identify the specific who, what, when, where, and how of the material misrepresentation of omission committed before the PTO." *Id.* at 1327-28.

> Moreover, although "knowledge" and "intent" may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.

*Id.* at 1328-29. "A reasonable inference is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith." *Id.* at 1329 n.5.

## DISCUSSION

Bradley argues that Applied Marine has not provided sufficient factual allegations from which a specific intent to deceive can be reasonably inferred, and thus has failed to meet the pleading requirements of *Exergen*. The Court agrees.

In general, a person is not entitled to a patent for a new invention if the claimed invention was in public use before the effective filing date of the claimed invention. 35 U.S.C. § 102(a)(1).

4

Section 102(b) provides an exception for public use by the inventor not more than one year prior to the applicable filing date. 35 U.S.C. § 102(b)(1). For purposes of Bradley's motion, the Court assumes that the YouTube Video constitutes a public use of the claimed invention, that is, claims 1 through 5 of the '520 Patent. Thus, if the "effective filing date" of the claimed invention is more than a year after September 9, 2009—the date the Video was posted—the Video is potentially invalidating prior art that should have been disclosed to the PTO.

Applied Marine's theory is that claims 1 through 5 of the '520 Patent are not entitled to the September 18, 2009 priority date of the Provisional Application because the relevant claims of the '520 Patent cover subject matter not disclosed in the Provisional Application; namely, a mechanism for preventing and allowing the "cross beam" to rotate other than the "breakaway actuated pawl" mechanism. *See* 35 U.S.C. § 119(e)(1) ("An application for patent . . . shall have the same effect . . . as though filed on the date of the provisional application . . . if it contains or is amended to contain a specific reference to the provisional application."); *see also New Railhead Mfg. v. Vermeer Mfg.*, 298 F.3d 1290, 1294 (Fed. Cir. 2002) ("In other words, the specification of the *provisional* must contain a written description of the invention and the manner and process of making and using it, in such full, clear, concise, and exact terms, to enable an ordinarily skilled artisan to practice the invention *claimed* in the *non-provisional* application.") (internal quotation marks and citation omitted). If the '520 Patent is not entitled to the Provisional Application priority date, then, again according to Applied Marine, the effective date is the application date on the face of the '520 Patent—September 17, 2010. If the effective filing date is September 17, 2010, the Video is a public use more than one year before the effective filing date and therefore should have been disclosed to the PTO.

Even if all of those allegations are assumed as true, however, Applied Marine has not alleged facts sufficient to support a plausible inference that Bradley intentionally failed to disclose the Video with intent to deceive the PTO. *See Hebert v. Lisle Corp.*, 99 F.3d 1109, 1116 (Fed. Cir. 1996) ("Intent to deceive cannot be inferred solely from the fact that information was not disclosed; there must be a factual basis for a finding of deceptive intent."); *see also Pixion, Inc. v. Citrix Systems, Inc.*, 2012 WL 762005 *5 (N.D. Cal. March 8, 2012) ("[T]he Federal Circuit has repeatedly held that intent cannot be inferred based solely on the alleged significance of withheld

5

information.")  No facts are alleged that suggest that Bradley believed that the '520 Patent is not entitled to the effective date of the Provisional Application.  To the contrary, Applied Marine alleges that in connection with the September 2010 application, Bradley identified the Provisional Application with a filing date of September 18, 2009 as a "prior application."  (Dkt. No. 30 ¶ 19.)  Further, under the facts alleged Bradley posted the Video nine days before he filed the Provisional Application.  Applied Marine does not explain why Bradley would have omitted the invention disclosed in the Video from the Provisional Application if he believed the Provisional Application did not cover that invention.

Applied Marine's reliance on *Semiconductor Energy Laboratory Co., Ltd. v. Samsung Electronics Co., Ltd.*, 749 F.Supp.2d 892 (W.D. Wisc. 2010), is unhelpful.  There the issue was whether the defendant had sufficiently alleged that the patent applicant had knowledge of the withheld prior art.  Here the Court assumes Bradley had knowledge of the Video.  But because Applied Marine's inequitable conduct theory turns on the effective filing date of the '520 Patent, Applied Marine must allege facts that support a reasonable inference that Bradley knew the effective filing date was not the date of the Provisional Application and that he therefore had a duty to disclose the Video.  It has not yet done so.

## CONCLUSION

Because Applied Marine has not alleged facts sufficient to support a reasonable inference that Bradley withheld disclosure of the Video with intent to deceive the PTO, Bradley's motion to dismiss and to strike is GRANTED with 20 days leave to amend.

**IT IS SO ORDERED.**

Dated: April 23, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge