UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REASON BRADLEY,<br><br>   Plaintiff,<br><br>  v.<br><br>APPLIED MARINE SYSTEMS LLC,<br><br>   Defendant. | Case No. 13-cv-03941-JSC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND GRANTING PLAINTIFF'S MOTION TO COMPEL**<br><br>Re: Dkt. No. 41 |

  Plaintiff Reason Bradley ("Bradley") filed this action for patent infringement and unfair competition against Defendant Applied Marine Systems LLC ("AMS"). Plaintiff alleges that Defendant's solar mounts, including the Uni-Mount and Hydrographic Survey Sonar Mount, infringe Bradley's 8,094,520 patent ("the '520 Patent"). The '520 Patent "generally relates to a sonar mount for use with a boat or ship, which allows repeatable, accurate and precise alignment of a sonar head to a boat." (Dkt. No. 1 at ¶¶ 10-11.)

  Now pending before the Court is a joint discovery letter concerning Plaintiff's requests for infringement-related discovery. (Dkt. No. 41.) Defendant seeks a protective order against further discovery until Plaintiff provides infringement contentions ("ICs") that comply with the Patent Local Rules, while Plaintiff asks the Court to find his ICs adequate and to compel Defendant to comply with its discovery obligations. Upon careful consideration of the record of the case, the Court concludes that oral argument is unnecessary, *see* Civ. L. R. 7-1(b), and DENIES Defendant's motion for a protective order and GRANTS Plaintiff's motion for an order compelling discovery.

## LEGAL STANDARD

  Local Rule 3–1 requires, in pertinent part:

    [A] party claiming patent infringement shall serve on all parties a

> 'Disclosure of Asserted Claims and Infringement Contentions' . . . [which] shall contain the following information:
>
> (a) Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;
>
> (b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;
>
> (c) A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.
>
> (d) For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.
>
> (e) Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality[.]

"The overriding principle of the Patent Local Rules is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Bender v. Maxim Integrated Prods., Inc.*, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) (alteration in original) (internal citation omitted). Patent L.R. 3-1 is a discovery device that "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Network Caching Tech., LLC v. Novell, Inc.*, 2002 WL 32126128, at *4 (N.D. Cal. Aug. 13, 2002); *see Bender*, 2010 WL 1135762, at *2. The rule is also intended to require the party claiming infringement "to crystallize its theories of the case early in the litigation and to adhere to those theories once disclosed." *Bender v. Advanced Micro Devices,*

*Inc.*, 2010 WL 363341, at *1 (N.D. Cal. Feb. 1, 2010). That party is required to include in its infringement contentions all facts known to it, including those discovered in its pre-filing inquiry. *See Renesas Tech. Corp. v. Nanya Tech. Corp.*, 2004 WL 2600466, at *2 (N.D. Cal. Nov. 10, 2004).

"[A]ll courts agree that the degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)). While the patent rules do not "require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case, . . . a patentee must nevertheless disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim to the extent appropriate information is reasonably available to it." *DCG Sys. v. Checkpoint Techs., LLC*, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (internal quotation marks omitted); *see also Shared Memory*, 812 F. Supp. 2d at 1025 (stating that patent holder "must map specific elements of Defendants' alleged infringing products onto the Plaintiff's claim construction").

## DISCUSSION

On February 24, 2014, Plaintiff served his Infringement Contentions on Defendant, and Defendant served its responses to Plaintiff's First Request for Production ("RFP"), in which Defendant objected to each request in its entirety and refused to produce any documents on the grounds that the ICs failed to comply with the Patent Local Rules. Plaintiff provided Defendant with Amended ICs on March 13, 2014, and wrote Defendant to again request responses to his first RFP. Taking the position that the Amended ICs are still deficient, Defendant moves the Court for a protective order staying its discovery obligations until Plaintiff provides ICs that comply with L.R. 3-1(c) and (d).

**I.      Plaintiff's Claim Charts Comply with Patent L.R. 3-1(c)**

Defendant asserts that Plaintiff's claim chart fails to identify "specifically where" four particular limitations are found in the accused instrumentality.

3

Defendant first takes issue with the limitation regarding "a mechanism [that is operable to release said cross tube] to establish any of a selected Z direction and pitch adjustment," asserting that the claim chart and Exhibits B and C "fail to identify 'specifically where' in the accused instrumentality there is any element that moves in the 'Z direction'" or explain what "Z direction" is. (Dkt. No. 41 at 3.) Plaintiff responds that the claim chart "identified the specific structure that is the 'clamp mechanism,' identified the cross tube as the specific structure that moves in the Z direction, identified precisely which direction is the Z direction, and described in detail how the clamp mechanism operates in an infringing manner." (Dkt. No. 41 at 6.) The Court agrees with Plaintiff. The IC for this limitation sufficiently describes the mechanism for releasing the cross tube, how it operates to move the cross tube in the Z direction—meaning in/out of the basic clamp and pitch clamp—and how that operation is allegedly infringing.

Next, Defendant argues that the limitation describing "said clamp mechanism [that] is operable to secure said cross tube to maintain said Z direction and/or pitch established adjustment during operation of said mount" does not identify "Z direction," "pitch established adjustment," or "where in the accused instrumentality there is a mechanism for providing a 'pitch established adjustment during operation of said mount.'" (Dkt. No. 41 at 3.) The Court finds no deficiency in the claim chart's description of this limitation. As discussed above with respect to the first limitation, the Court understands Plaintiff to assert that "Z direction" is the direction of the cross tube moving in/out of the basic clamp and pinch clamp. Defendant's criticism of the "pitch established adjustment" portion of this limitation appears to be based on a misinterpretation of Plaintiff's reading of the text. According to Plaintiff, rather than describing a mechanism for *performing* a "pitch established adjustment," this language, when read in context with the first part of the chart entry discussed above, states that the clamp mechanism secures the cross tube during operation of the mount such that it *maintains* whatever Z direction or pitch is established by using the clamp mechanism to release the cross tube—as described in the first part of the chart entry. That is, the "pitch established adjustment" is shorthand for the pitch adjustment established in the first part by releasing the cross-tube. Plaintiff's ICs as to these two limitations satisfy Rule 3-1, which requires a degree of specificity "sufficient to provide reasonable notice to the defendant

4

1   why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory*
2   *Graphics LLC*, 812 F. Supp. 2d at 1025 (N.D. Cal. 2010).

3         The third alleged deficiency concerns the limitation describing the "Z tube coupling
4   mechanism [that] is operable to release said Z tube to establish any of a selected Z direction and
5   yaw adjustment." In particular, Defendants take issue with the reference to "yaw adjustment,"
6   arguing that the chart does not mention "yaw adjustment" or identify where the mechanism for
7   making the yaw adjustment is located on the accused instrumentality. Instead, the chart states "on
8   information and belief, AMS' sonar mount also includes a yaw adjustment mechanism—as AMS
9   claims in its promotional materials—that infringes, literally or under the doctrine of equivalents."
10  (Dkt. No. 41 at 3 (quoting Dkt. No. 41-1 at 8-9).) Defendant faults Plaintiff for failing to provide
11  the basis of that belief, including the "promotional materials" to which it refers.

12        According to Plaintiff, this limitation requires only one of a Z direction or yaw adjustment,
13  but not both. Defendant does not dispute that Plaintiff has given notice of how Defendant's
14  product meets the Z direction requirement of this limitation (other than the objections noted
15  above). Thus, the IC gives Defendant adequate notice of the basis for Plaintiff's infringement
16  claim. The Court agrees, however, that Plaintiff has not properly given notice how the yaw
17  adjustment, if present, is met. Plaintiff purports to "reserve his right" to amend his ICs to more
18  particularly identify the yaw adjustment after discovery; however, Plaintiff possesses no such
19  "right." Patent Local Rule 3-6 allows a party to amend its infringement contentions only upon a
20  showing of good cause. *See MediaTek, Inc. v. Freescale Semiconductor, Inc.*, 2013 WL 2403644
21  *2 (N.D. Cal. May 31, 2013). "The inquiry is two-fold: (1) whether the moving party was diligent
22  in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the
23  motion to amend were granted." *Id.* at *3. Thus, until Plaintiff is granted leave to amend, Plaintiff
24  is not proceeding on a theory of infringement involving a yaw adjustment.

25        Last, Defendant faults the final limitation in Plaintiff's claim chart—"wherein said clamp
26  mechanism maintains said established cross tube Z direction and/or pitch adjustment relative to
27  said tilt mechanism during operation thereof"—on the ground that it simply parrots the claim
28  language and refers to Exhibits B and C, neither of which, Defendant notes, refers to "Z direction"

or "pitch adjustment." (Dkt. No. 41 at 4.) As discussed above, the Court concludes that the claim chart adequately describes both of those terms for the purpose of Rule 3-1(c).

## II.  Plaintiff Has Not Made an Indirect Infringement Claim

Plaintiff's complaint includes one claim for relief for patent infringement—a claim for direct infringement. (Dkt. No. 1 at ¶ 16 ("AMS has been or is directly infringing the '520 Patent").) It does not include a claim for inducement of infringement. "To allege inducement, the complaint must contain facts plausibly showing that defendant specifically intended its customers to infringe the asserted patent and knew that the customer's acts constituted infringement." *Logic Devices, Inc. v. Apple, Inc.*, 2014 WL 491605, at *1 (N.D. Cal. Feb. 4, 2014) (internal quotation marks and citation omitted). Plaintiff's complaint does not remotely allege that Defendant specifically intended its customers to infringe with the knowledge that the customer's acts constituted infringement.

Despite not making a claim for inducement, Plaintiff's Amended L.R. 3-1 Disclosure states:

> AMS' sonar mount has no non-infringing uses. As such, from the time that AMS learned of the '520 Patent onward, by selling the infringing sonar mount, AMS not only directly infringed the '520 Patent but also induced its customers who used the infringing AMS sonar mount within the United States to infringe the '520 Patent.

(Dkt. No. 41-1 at 4.) In his claim chart, Plaintiff states that "AMS' customers that use AMS' sonar mount in the United States are also direct infringers of this Claim 1 and, to the extent AMS was aware of the 520 Patent at the time they sold the infringing mount, AMS induces that infringement." (Dkt. No. 41-1 at 6.) As the Complaint does not include a claim for inducement, these statements are superfluous.

## CONCLUSION

As Plaintiff's infringement contentions satisfy Rule 3-1, as clarified by this Order, the Court DENIES Defendant's motion for a protective order staying discovery and GRANTS Plaintiff's motion to compel discovery. The Court will hold a further Case Management Conference on May 22, 2014, at 1:30 pm, which counsel must attend in person. A joint case management conference shall be filed seven days prior to the conference.

**IT IS SO ORDERED.**

Dated: May 7, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge