UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REASON BRADLEY,<br><br>    Plaintiff,<br><br> v.<br><br>APPLIED MARINE SYSTEMS LLC,<br><br>    Defendant. | Case No. 13-cv-03941-JSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF PATENT VALIDITY**<br><br>Re: Dkt. No. 61 |

   Plaintiff Reason Bradley ("Bradley") alleges that Defendant Applied Marine Systems LLC ("Applied Marine") infringes U.S. Patent No. 8,094,520 (the "'520 Patent"). Bradley patented a vessel-mounted sonar device which he alleges Applied Marine infringes by making, selling, and using sonar mounts that embody his invention as claimed in the '520 Patent. Now pending before the Court is Plaintiff's Motion for Partial Summary Judgment of Patent Validity under 35 U.S.C. §§ 102, 103 (Dkt. No. 61). Having considered the parties' briefs and having had the benefit of oral argument on January 8, 2015, the Court GRANTS the motion.

**BACKGROUND**

Bradley patented a universal sonar mount "that allows repeatable, accurate and precise alignment of a sonar head to a boat." '520 Patent Col. 1:49-51. The invention contains a "tilt mechanism that allows the sonar head to be lifted to a position that is substantially parallel to the boat's deck, thus facilitating placement of the boat on a trailer without the need to remove the sonar head from the boat. The tilt mechanism also allows the sonar pole to lock in the fore or aft position on the vessel when transiting in the water… [and] doubles as a breakaway safety mechanism." *Id*. at Col 1:51-57. Bradley contends that the invention is unique in that it solved a long-standing industry-wide problem associated with traditional sonar mounts which required recalibration of the settings each time the sonar head was moved by replacing the traditional clamp mechanism with a novel "clamp mechanism" and an associated "tilt mechanism" that enables tilt functionality while maintaining the previously established calibration adjustments. (Dkt. No. 61 at 7:8-18.)

Bradley filed suit in August 2013 based on Applied Marine's manufacture, marketing, and sale of allegedly infringing sonar mounts asserting claims for patent infringement and violation of California Business and Professions Code § 17200. (Dkt. No. 1.) Prior to the close of discovery and before claim construction briefing, Bradley filed the underlying motion for partial summary judgment of patent validity under 35 U.S.C. §§ 102, 103. Applied Marine opposed the motion and the Court heard argument concurrently with the *Markman* hearing on January 8, 2015.

**LEGAL STANDARD**

**A. Summary Judgment**

As in any other civil action, summary judgment is proper in a patent infringement action when the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Southwall Techs., Inc. v. Cardinal IG Co*., 54 F.3d 1570, 1575 (Fed. Cir. 1995). The Court must draw "all reasonable inferences [and] resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc*., 362 F.3d 1133, 1138 (9th Cir. 2004); *see also Raytheon Co. v. Indigo Systems Corp.*, 688 F.3d 1311, 1315 (Fed. Cir. 2012) (stating that

the Federal Circuit reviews a district court's summary judgment ruling under the law of the regional circuit). A fact is material if it "might affect the outcome of the suit under the governing law," and an issue is genuine if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There can be "no genuine issue as to any material fact" when the moving party shows "a complete failure of proof concerning an essential element of the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### B. Validity

Patents are presumed valid. *See* 35 U.S.C. § 282(a). A party challenging the validity of a patent bears the burden of proving invalidity by clear and convincing evidence. *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1359 (Fed. Cir. 2007). "[A] moving party seeking to have a patent held not invalid at summary judgment must show that the nonmoving party, who bears the burden of proof at trial, failed to produce clear and convincing evidence on an essential element of a defense upon which a reasonable jury could invalidate the patent." *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001). At summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *See id.*

For a claim to be anticipated under 35 U.S.C. § 102, and thus invalid, "each claim element must be disclosed, either expressly or inherently, in a single prior art reference, and the claimed arrangement or combination of those elements must also be disclosed, either expressly or inherently, in that same prior art reference." *Therasense, Inc. v. Becton, Dickinson & Co.*, 593 F.3d 1325, 1332–33 (Fed. Cir. 2010). Whether prior art anticipates the accused device is a question of fact. *Orion IP, LLC v. Hyundai Motor Am.*, 605 F.3d 967, 974 (Fed. Cir. 2010). "However, without genuine factual disputes underlying the anticipation inquiry, the issue is ripe for judgment as a matter of law." *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1343 (Fed. Cir. 2005).

Under 35 U.S.C. § 103, a patent claim is invalid as obvious "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." To determine whether this test is met, the court examines four factors: (1) the

scope and content of the prior art; (2) the differences between the prior art and the claims at issue; (3) the level of ordinary skill in the pertinent art; and (4) any relevant secondary considerations (i.e., objective indicia of non-obviousness). *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 406 (2007) (quoting *Graham v. John Deere Co. of Kan. City*, 383 U.S. 1, 15–18 (1966)). Significantly, "a patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *KSR*, 550 U.S. at 418. However, "when a patent simply arranges old elements with each performing the same function as it has been known to perform and yields no more than one would expect from such an arrangement, the combination is obvious." *Id.* (citation and internal quotation marks omitted).

## DISCUSSION

Bradley seeks a judgment that the '520 patent is not invalid—on either anticipation or obviousness grounds—as a result of the Veatch Patent (U.S. Patent No. 3,989,216) ("'216 Patent"), the single disclosed prior art identified in Applied Marine's invalidity contentions.[1] Bradley contends that the '216 Patent neither anticipates nor renders obvious the primary distinguishing features of his invention: "a novel 'clamp mechanism' and associated 'tilt mechanism' that preserve calibration adjustments so that they may be quickly and precisely restored after tilting." (Dkt. No. 61 at 10:20-22.) According to Bradley, these unique features are described in limitations [g] and [h] of claim 1 which provide as follows:

> [g] a tilt mechanism associated with said clamp mechanism that is operable to release said cross tube for rotation about said cross tube axis to effect tilting of equipment mounted to said equipment mount, said tilt mechanism further comprising a lock mechanism that is operable to secure said cross tube at a selected position;
>
> [h] wherein said clamp mechanism maintains said established cross tube Z direction and/or pitch adjustment relative to said tilt mechanism during operation thereof.

'520 Patent Col. 5:10-18. In contrast to his tiltable universal mount with "repeatable positioning

---

[1] Applied Marine's invalidity contentions also include photographs of a "sonar mount… by Kevin Tweed, and "a split claim by Finnegan for Culver City Hughes." (Dkt. No. 61-6 at 3:1-5.) Although Bradley references this prior art in his motion for summary judgment, Defendant's opposition brief bases its claims of invalidity solely on the '216 Patent.

capability," Bradley contends the '216 Patent merely discloses a basic clamp that can be loosened or tightened, but cannot preserve adjustments or prior calibrations. (Dkt. No 61 at 11.) Therefore, argues Bradley, Applied Marine cannot establish by clear and convincing evidence that (1) the prior art anticipates the claims of the '520 Patent because the '216 Patent does not disclose a "clamp mechanism" or "tilt mechanism;" and that (2) the claims of the '520 Patent are not obvious because Applied Marine has not cited any prior art which discloses a way to "'maintain' mount adjustments so as to permit 'repeatable' positioning without manual re-calibration." (Dkt. No. 61 at 14:8-10.)

Applied Marine counters that Bradley is relying on a claim limitation to distinguish the '520 Patent that does not exist; namely, an ability to quickly restore the cross tube to the desired position. Applied Marine contends that there is nothing in the '520 Patent to support Bradley's restoration of prior recalibrations argument. Further, Applied Marine cites to two provisions from the '216 Patent which it contends disclose the same requirements as limitations [g] and [h]. First, Applied Marine insists that the limitation at 1[g] of a "tilt mechanism further comprising a lock mechanism that is operable to secure said cross tube at a selected position" is met by the following disclosure in the '216 Patent:

> For high speed operations, the bracket may be moved and supported on the gunwale by pivoting the shaft 27 to a horizontal position and pulling the shaft 41 inward to the collar 43. Collar 43 has a concave face 43A turned toward collar 29 to receive and secure the rod 27 in a predetermined horizontal attitude and secures it there while in transit, reducing the tendency to oscillate.

(Dkt. No. 61-6 ('216 Patent Col. 5:49-63).) Second, Applied Marine posits that the limitation at 1[h] stating "wherein said clamp mechanism maintains said established cross tube Z direction and/or pitch adjustment relative to said tilt mechanism during operation thereof," is met by the following disclosure in the '216 Patent:

> A second shaft 41 has an end 41A welded to the collar 29 at a 90° angle and is fitted within a second collar 43 for axial and angular movement rotation therein. A threaded member 45 having a T-shaped head 45A is threaded through an aperture formed in the collar 43 to engage the shaft 41 to hold the shaft in a desired angular position relative to the collar 43.

(*Id*. at Col. 2:57-63).

5

Bradley disputes that this language discloses anything akin to the '520 Patent's tilt mechanism and clamp mechanism that operate to maintain adjustments previously made to the cross tube during operation of the tilting mechanism. Instead, Bradley maintains that the '216 Patent only discloses a means of securing the analogous second shaft to the second collar and that the mount described by the '216 Patent cannot tilt unless the second collar is allowed to rotate within the second shaft. Given this, Bradley contends that Applied Marine cannot meet its burden of showing by clear and convincing evidence that each and every limitation is in the prior art and he is therefore entitled to summary judgment.

There are two questions for the Court. First, what the '520 Patent actually discloses, and second, whether Applied Marine has raised a question of material fact with respect to whether the '216 Patent discloses the same functionality.

While the '520 Patent does not use the same language Applied Marine seizes on from Bradley's brief—"calibration adjustments," "effectively sav[ing]," and "quickly restore[]," it does disclose a mechanism to preserve adjustments during tilting. In particular, limitation [g] discloses a "tilt mechanism...that is **operable to release** said **cross tube for rotation** about said cross tube axis **to effect tilting** of equipment mounted to said equipment mount, and **tilt mechanism** further **comprising** a **lock mechanism** that is **operable to secure said cross tube at a selected position,**" and limitation [h] provides for a "clamp mechanism [which] **maintains** said **established** cross tube Z direction and/or pitch **adjustment relative to said tilt mechanism during operation thereof.**" '520 Patent Col. 5:13-18 (emphasis added). Thus, the '520 Patent claims the ability to "lock" and "maintain" or "secure" a "selected position" of "Z direction and/or pitch adjustment" "during operation" of the "tilt mechanism." *Id*. The Court is persuaded—despite Applied Marine's vociferous argument otherwise—that this language disclosures a mechanism which locks adjustments in place during tilting. Unlike the reference in *Med. Instrumentation & Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205 (Fed. Cir. 2003), which the court concluded was ambiguous, this language is clear and unambiguous. *Id*. at 1221 (concluding that the district court erred in finding that a reference it referred to as "ambiguous" failed to raise a genuine issue of material fact and thereby improperly usurped the role of the jury).

6

1    The second question is whether Applied Marine has introduced an issue of material fact
2    with respect to whether the '216 Patent discloses this same functionality.  *See Freedman Seating*
3    *Co. v. Am. Seating Co.*, 420 F.3d 1350, 1363 (Fed. Cir. 2005) (noting that for a summary
4    judgment motion on patent validity once the moving party makes a prima facie showing in support
5    of its motion for summary judgment, the nonmoving party must come forward with evidence
6    sufficient to show a genuine issue of material fact).  Applied Marine has not.
7    As discussed *supra*, the clamp mechanism described in the '520 Patent at limitation 1[h] is
8    focused on maintaining the established cross tube Z direction and/or pitch adjustment relative to
9    the tilt mechanism during its operation.  There is nothing in the excerpts from the specification for
10   the '216 Patent that Applied Marine relied on in opposing summary judgment that refers to the
11   '216 Patent's clamp maintaining the adjustments of the cross tube during use of the tilt
12   mechanism.   Instead, Applied Marine cites to portions of the '216 Patent which reference
13   "secur[ing] the rod [] in a predetermined horizontal attitude and secures it there while in transit,
14   reducing the tendency to oscillate" *see* '216 Patent Col. 5:54-56; and a "threaded member" that
15   "hold[s] the shaft in a desired angular position relative to the collar," *see* '216 Patent Col. 2:62:64.
16   While this language suggests that the '216 Patent's clamp operates to hold a position, it does not
17   claim the ability to maintain adjustments during tilting.  At oral argument, Applied Marine's sole
18   contention was that the latter language—"[a] threaded member 45 having a T-shaped head 45A is
19   threaded through an aperture formed in the collar 43 to engage the shaft 41 to hold the shaft in a
20   desired angular position relative to the collar 43" and the related Figure 1—discloses the same
21   features claimed in the '520 Patent at limitation [g] and [h]; however, saying it repeatedly does not
22   make it so.  '216 Patent 2:60-63.  Tellingly, Applied Marine did not disagree with Bradley's
23   characterization of the operation of this threaded member as functioning such that the mount in the
24   '216 Patent can only tilt when the threaded member is loosened.  Further, once the threaded
25   member is loosened the "desired angular position" is no longer "h[e]ld"—as the threaded member
26   is the thing "hold[ing] the shaft in a desired angular position relative to the collar" *Id*.  Thus,
27   unlike the mount in the '520 Patent which discloses a clamp mechanism that maintains an
28   "established" "adjustment" during "operation" of the "tilt mechanism," the mount in the '216

Patent cannot hold the "desired angular position" during tilting.

Given the narrow nature of Applied Marine's anticipation contention, this distinction is dispositive. Unlike the defendant in *Med. Instrumentation & Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205 (Fed. Cir. 2003), who "brought forth numerous references as prior art that allegedly either anticipated or rendered obvious the claimed invention" Applied Marine's opposition brief only cited to two particular portions of the '216 Patent which it contends claim the same functionality as the '520 Patent. 344 F.3d at 1221 (holding that the district court erred in finding these numerous references insufficient to raise a genuine issue of material fact and thus in granting summary judgment that the patents are not invalid). Applied Marine otherwise simply quoted wholesale from the '216 Patent. (Dkt. No. 71 at 4-5 (block quoting without specific citations portions of the '216 Patent).) Further, although not discussed in opposing summary judgment, the Court has nonetheless reviewed the other citations to the '216 Patent in Applied Marine's invalidity contentions, *see* '216 Patent Col. 2:57-60, Col. 2:60-63, Co. 2:63-3:31, 5:49-60, 7:19-28[2], and likewise concludes that these citations fail to disclose a clamp or a mechanism which is designed to maintain the adjustments to the cross tube during tilting.

The Court thus concludes that Applied Marine has failed to raise a question of material fact as to whether the '216 Patent teaches the limitations disclosed in claim 1[g] and [h]—it does not. "[U]nless a reference discloses within the four corners of the document not only all of the limitations claimed but also all of the limitations arranged or combined in the same way as recited in the claim, it cannot be said to prove prior invention of the thing claimed and, thus, cannot anticipate under 35 U.S.C. § 102." *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1371 (Fed. Cir. 2008). The parties' submissions do not meaningfully differentiate between invalidity based on anticipation and that based on obviousness. Bradley contends that "because no single reference discloses any way to "maintain" mount adjustments so as to permit "repeatable" positioning without manual re-calibration, no combination of those references can render obvious any claim of

---

[2] Applied Marine also cites generally to Claims 1-8, Figs. 1, 2, 3, 5, 7, and associated text. However, these general references to "Claims 1-8" violate Patent Local rule 3-3(c)'s requirement that the chart "identify[] where specifically in each alleged item of prior art each limitation of each asserted claim is found."

8

the '520 Patent." (Dkt. No. 61 at 14:8-10.) Applied Marine, for its part, states that "for the same reasons Plaintiff has failed to show that the asserted patent is not anticipated, it has failed to show that it is not obvious." (Dkt. No. 71 at 10:17-19.) While the two bases involve different analysis, a finding of invalidity—whether based on anticipation or obviousness—turns on whether what is claimed in the current patent is disclosed in the prior art. *See Cohesive Technologies, Inc. v. Waters Corp.*, 543 F.3d 1351, 1364 (Fed. Cir. 2008) ("it is commonly understood that prior art references that anticipate a claim will usually render that claim obvious"); *Jones v. Hardy*, 727 F.2d 1524, 1529 (Fed.Cir.1984) ("[T]hough anticipation is the epitome of obviousness, [they] are separate and distinct concepts."). Here, the Court concludes that the prior art fails to disclose a clamp or mechanism which is designed to maintain the adjustments to the cross tube during tilting. Summary judgment is therefore proper on the issue of validity as to non-anticipation and obviousness.

## CONLCUSION

For the reasons discussed above, Plaintiff's Motion for Partial Summary Judgment is GRANTED as to Defendant's invalidity defenses under 35 U.S.C. §§ 102 and 103.

**IT IS SO ORDERED**.

Dated: February 2, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge